**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0546n.06

No. 09-3121

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SHEET METAL LOCAL 98 PENSION FUND; SHEET )
METAL WORKERS 98 WELFARE FUND; C. BARRY )
PICKETT; ROBERT GARTNER; MARK JUDY; C.W. )
PARK; RONALD WILBURN; JAMES T. ZIEGLER, )
                                    )

      Plaintiffs-Appellants, )
                                    )

and )
                                    )

SCOTT COSGROVE, Trustees, et al.; JIM FINLEY, )
Trustee; MARK FUNK, Trustee; SCOTT HAMMOND, )
Trustee; NEIL HARTFIELD, Trustee; MIKE MOORE, )
Trustee; SHEET METAL WORKER'S LOCAL 24 )
COLUMBUS AREA RETIREMENT SAVINGS PLAN; )
SHEET METAL WORKERS' LOCAL 24 JOINT )
APPRENTICESHIP AND TRAINING FUND; DENNIS )
SHUMAN, Trustee; TONY STATTON, Trustee; DOUG )
STORTS; PAUL WHITEHEAD, Trustee; JIM )
WILLIAMS, Trustee; GREG YOAK, Trustee, )
                                    )

      Intervenors, )
                                    )

v. )
                                      )

AIRTAB, INC.; PIUS ILEOGBEN; TINA HAIRSTON- )
ILEOGBEN, )
                                    )

      Defendants-Appellees. )

FILED
*May 29, 2012*
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Southern District of Ohio

BEFORE: GIBBONS, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Sheet Metal Workers Local 98 Pension Fund and Sheet Metal Workers

Local 98 Welfare Fund, which are both employee benefit plans under the Employee Retirement

Income Security Act (ERISA), along with the trustees of both entities (collectively "Plaintiffs"), appeal the district court's judgment granting in part the defendants' motion for summary judgment and denying in part Plaintiffs' motion for partial summary judgment.

Plaintiffs filed a civil complaint against several defendants, including AirTab, Inc., an Ohio corporation, Tina Hairston-Ileogben, the owner and president of AirTab, and Pius Ileogben, a "coordinator" at AirTab. Plaintiffs alleged that the defendants failed to make contributions to the ERISA plans as required by a collective bargaining agreement between AirTab and Sheet Metal Workers Local Union No. 24. Plaintiffs asserted several causes of action against Ileogben and Hairston-Ileogben ("the individual defendants"), including breach of fiduciary duty and breach of trust. The defendants moved for summary judgment, arguing, among other things, that the individual defendants could not be held personally liable for the unpaid contributions because they were not fiduciaries as defined by ERISA and the contributions were not assets of an ERISA plan. Plaintiffs moved for partial summary judgment, arguing, among other things, that the individual defendants were personally liable for the unpaid contributions because they were fiduciaries under ERISA and, under the terms of the collective bargaining agreement, the unpaid contributions constituted plan assets.

The district court granted summary judgment to the individual defendants on Plaintiffs' claims of breach of fiduciary duty and breach of trust, concluding that the unpaid contributions did not constitute plan assets and that the individual defendants were not fiduciaries under ERISA. Plaintiffs appealed that decision, arguing that the district court erred by granting summary judgment to the individual defendants on Plaintiffs' claims of breach of fiduciary duty and breach of trust. The district court subsequently resolved the extent of AirTab's liability for the unpaid contributions.

We review de novo a district court's grant or denial of summary judgment. *Franklin v. Kellogg Co.*, 619 F.3d 604, 610 (6th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). A person is a fiduciary with respect to a plan to the extent that he or she "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(i), (iii).

We need not reach the question of whether the unpaid contributions were plan assets under the terms of the collective bargaining agreement, because even if they were, the Ileogbens were not fiduciaries under ERISA and so cannot be personally liable. First, the Ileogbens are not defined as fiduciaries in any documents; on the contrary, it is the trustees that have control over the plan's assets according to the CBA and other contractual documents. In addition, at least one other circuit has held that "a person should not be attributed fiduciary status under ERISA and held accountable for performance of the strict responsibilities required of him in that role, if he is not clearly aware of his status as a fiduciary." *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1015 (11th Cir. 2003). Here, nothing indicates that the Ileogbens were ever made aware of their potential status as fiduciaries.

Second, the Ileogbens' alleged refusal to pay the funds as required under the CBA does not rise to the level of exercising discretionary control or authority such that fiduciary status attaches.

"Mere possession, or custody" over a plan's assets does not automatically lead to fiduciary status. *See Briscoe v. Fine*, 444 F.3d 478, 494 (6th Cir. 2006). In *In re Luna*, 406 F.3d 1192, 1203-04 (10th Cir. 2005), the Tenth Circuit read ERISA's language to support the conclusion that "an employer cannot become an ERISA fiduciary merely because it breaches its contractual obligations to a fund." Here, as in *Luna*, there is a separate cause of action relating to breach of contract. The Union points to no other actions of the Ileogbens besides their refusal to pay funds as constituting a breach of fiduciary duty. Their breach of fiduciary duty claim is therefore best characterized as a restatement of its other claims. In the past, we have disapproved of such restatements under ERISA; *see, e.g.*, *Moore v. Lafayette Life Ins. Co*, 458 F.3d 416, 428 (6th Cir. 2006). This is not a situation where employers decided to funnel monies from a general account toward paying off company creditors instead of to beneficiaries, as in *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997). This is a situation in which the plaintiff is attempting to transform an employer's nonpayment of a contribution into an exercise of control over a disposition of a plan's asset. We cannot find the Ileogbens to be fiduciaries under such an argument. *See Iron Workers' Local No. 25 Pension Fund v. Future Fence Co.*, No 04-73114, 2006 WL 2927670, at *2-4 (E.D. Mich. Oct. 12, 2006).

In the Ileogbens' Appellee brief, they request relief under their contract with the Union. Neither AirTab nor the Ileogbens have filed a notice of appeal or cross-appeal, however, and we therefore lack appellate jurisdiction to modify the district court's judgment in their favor.

We affirm the judgment of the district court.